UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEAN CHERY,

                Plaintiff,

    -against-

COMMUNICATION WORKERS- CWA 1104,

                Defendant.
-----------------------------------------------------------X

ORDER
11-CV-0427 (SJF)(ETB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 05 2012    ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.     Background

On or about January 5, 2011, *pro se* plaintiff Jean Chery ("plaintiff") commenced this action in the Supreme Court of the State of New York, County of Queens, against defendant Local 1104 of the Communications Workers of America, AFL-CIO ("defendant"), s/h/a Communication Workers-CWA 1104, alleging, in essence, that defendant breached its duty of fair representation to him in violation of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by failing to represent him with respect to certain unpaid medical bills and the termination of his employment. On January 28, 2011, defendant filed a Notice of Removal removing the action to this Court on the basis that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. On February 1, 2011, defendant filed an answer to the complaint. Thereafter, defendant moved to stay this action on the basis, *inter alia*, that it intended to move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff did not oppose, or otherwise respond to, defendant's motion. By order entered April 26, 2011, the Honorable E. Thomas Boyle, United States Magistrate Judge, granted defendant's unopposed motion to stay this action. Defendant now moves for

1

judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which plaintiff has also failed to oppose. For the reasons set forth below, defendant's motion for judgment on the pleadings is denied without prejudice to renewal as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

II.   Discussion

   A.   Standard of Review

In deciding a Rule 12(c) motion, the same standard as applicable to a motion to dismiss under Rule 12(b)(6) is employed, see Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010); Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009), i.e., the plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); see also Bank of New York, 607 F.3d at 922 ("To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations and citation omitted)). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010)(accord).

In deciding a motion pursuant to either Rule 12(b)(6) or Rule 12(c), the Court must liberally construe the claims, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Chase Group Alliance LLC v. City of New York Department of Finance, 620 F.3d 146, 150 (2d Cir. 2010) (quoting Chambers v. Time

2

Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)); see also Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011). The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-153 (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); see also L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011). The presentation of any other extrinsic material on a motion to dismiss or for judgment on the pleadings, which is not excluded from consideration by the court, requires the court to convert the motion into one seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and to provide the parties with notice of the conversion and an opportunity "to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009); Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).

"Ordinarily, formal notice [that a motion pursuant to Rule 12(b)(6) or 12(c) will be converted to a motion for summary judgment pursuant to Rule 56] is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." Hernandez, 582 F.3d at 307 (quotations, alterations and citations omitted). "In the case of a *pro se* party, however, notice is particularly important because the *pro se* litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues." Id. (quotations, alterations and citation omitted). "Accordingly, *pro*

*se* parties must have unequivocal notice of the meaning and consequences of conversion to summary judgment." Id. at 307-08.

On its motion for judgment on the pleadings, defendant submits the following extrinsic documents, none of which were attached to, or specifically referenced in, the pleadings: (1) relevant portions of the collective bargaining agreement ("CBA") between itself and Utility Service, a division of Transervice Lease Corp. ("TLC"), plaintiff's employer; (2) documents filed in state court, including: (a) the pleadings filed, and a judgment entered against plaintiff and his wife, upon their default, in a consumer credit action commenced by North Shore University Hospital at Manhasset against plaintiff and his wife in the District Court of the County of Nassau, First District: Hempstead ("the First District Court action") on or about January 17, 2002 seeking to recover unpaid medical bills in the amount of four thousand four hundred twenty-six dollars ($4,426.00), with interest, (b) a writ of execution with notice to garnishee filed in the Supreme Court of the State of New York, County of Nassau ("the Supreme Court"), and an Information Subpoena with Restraining Notice filed in the First District Court action, both seeking to satisfy the judgment entered against plaintiff in the First District Court action on June 24, 2002, and (c) an order to show cause filed by plaintiff in the First District Court action on or about December 29, 2006, seeking to vacate the default judgment entered against him in that action and an order of the First District Court, dated February 6, 2007, denying plaintiff's order to show cause; (3) invoices from North Shore University Hospital to plaintiff pertaining to services rendered from October 9, 2000 through October 13, 2000; (4) records from TLC regarding plaintiff's employment, including (a) earnings and deductions summaries from TLC for the period from April 9, 2000 through April 15, 2000 and September 19, 2000 through

September 30, 2000 and (b) plaintiff's disciplinary history; (5) a letter from Washington Mutual Bank F.A. to plaintiff, dated September 25, 2002, regarding the Information Subpoena with Restraining Order issued by the First District Court; (6) an Explanation of Benefits from Performax, administered by BCI, dated October 22, 2003; and (7) a Grievance Review by defendant dated April 14, 2010 and defendant's decision not to pursue a grievance filed by plaintiff to arbitration.

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Global Network, 458 F.3d at 157 (quoting International Star Class Yacht Racing Association v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)). The documents filed in the First District Court and the Supreme Court are matters of public record of which this Court may take judicial notice. See, e.g. Sutton ex rel. Rose v. Wachovia Securities, LLC, 208 Fed. Appx. 27, 29-30 (2d Cir. Dec. 7, 2006) (finding that the district court properly considered petitions and orders filed in a California state court since those documents "are undisputably matters of public record.") Accordingly, those documents may be considered on defendant's motion for judgment on the pleadings.

However, plaintiff does not specifically identify the CBA between defendant and TLC as the source of defendant's purported duty to him or reference the CBA in any way in the complaint, nor is the CBA attached to the pleadings. Accordingly, it cannot be said that the CBA was incorporated by reference into to complaint or that plaintiff relied heavily upon the CBA in drafting his complaint. Cf. Hoops v. KeySpan Energy, 794 F. Supp. 2d 371, 376-77 (E.D.N.Y. 2011) (finding that the CBA was incorporated by reference into the complaint, and therefore

5

properly considered on a Rule 12(b)(6) motion, where the complaint specifically identified the CBA as the source of the defendants' obligation to him and the plaintiff did not dispute the accuracy or application of the CBA); Vacca v. Hartz Mountain Corp., No. 09-CV-0097, 2010 WL 1270193 (E.D.N.Y. Mar. 30, 2010) (finding that the Court could examine the CBA as a written instrument incorporated by reference and as a document upon which the complaint relied heavily where both of the parties made repeated references to the provisions of the CBA). Therefore, under the circumstances of this case, it would not be proper for this Court to consider the portions of the CBA attached to defendant's motion for judgment on the pleadings. Nor is there any basis upon which this Court may properly consider the other extrinsic evidence submitted by defendant on its motion for judgment on the pleadings.

Accordingly, this Court must either exclude the extrinsic evidence improperly submitted by defendant on its motion for judgment on the pleadings, or convert defendant's motion into one seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Since defendant's motion cannot be resolved without reference to the extrinsic evidence, and in order to provide plaintiff, who is proceeding *pro se* in this action, with unequivocal notice of the nature and consequences of the conversion: (1) defendant's motion for judgment on the pleadings is denied without prejudice to renewal as a motion for summary judgment; and (2) defendant is directed (a) to re-serve plaintiff with the notice of motion, designated as one seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and all supporting papers, as well as with a copy of the "Notice To Pro Se Litigant Who Opposes a Motion for Summary Judgment," with the full texts of Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York ("Local Civil Rules") attached, in accordance with Local Civil Rule 56.2, and (b) to re-file the motion once it has been fully briefed in accordance with my individual rules.

B.  Failure to Prosecute

This Court's docket reflects that since this action was removed to this Court by defendant, plaintiff has not opposed any motions filed by defendant, taken any steps to prosecute this action, or otherwise communicated with the Court, other than to file a notice of change of address on March 27, 2012. By letter dated June 4, 2012, defense counsel informed the Court that their attempts to serve plaintiff with a copy of this Court's order, dated March 23, 2012, adjourning a previously scheduled conference, at both his old and new addresses of record have been unsuccessful, i.e., the mail sent to both addresses was returned to defense counsel as undeliverable.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."); Plains Marketing, L.P. v. Doniphan Energy, L.L.C., No. 10-cv-2032, 2011 WL 4975544, at * 1 (E.D.N.Y. Oct. 19, 2011) (accord). Defendant will clearly be prejudiced if it is unable to contact plaintiff and, indeed, this action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, *inter alia*, arrange conferences, obtain discovery, serve motions and schedule trial. See, e.g. United

States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.")

Accordingly, plaintiff is directed to serve and file an affidavit **on or before July 9, 2012** either (a) indicating that the contact information on record with the Court, i.e., 24 Bridle Path, Randolph, MA 02368, (347) 438-2255, remains the correct address and telephone number at which the Court and defendant can contact him during the pendency of this proceeding, or (b) providing the Court with a new address and telephone number at which he can be contacted.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER, OR TO TAKE ANY STEPS TO PROSECUTE THIS ACTION, WILL RESULT IN THIS ACTION BEING DISMISSED <u>WITH PREJUDICE</u> PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

III.  Conclusion

For all of the foregoing reasons: (1) defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is denied without prejudice to renewal as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in accordance with this Order; and (2) plaintiff is directed to serve and file an affidavit **on or before July 9, 2012** either (a) indicating that the contact information on record with the

Court, i.e., 24 Bridle Path, Randolph, MA 02368, (347) 438-2255, remains the correct address and telephone number at which the Court and defendant can contact him during the pendency of this proceeding, or (b) providing the Court with a new address and telephone number at which he can be contacted, or the complaint will be dismissed in its entirety with prejudice pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's address of record pursuant to Rule 5(b)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

SO ORDERED.

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated:   June 5, 2012
         Central Islip, New York